IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **RICHARD MELVIN GOODMAN,** | : | |
| **Plaintiff** | : | |
| VS. | : | **Civil No: 5:24-CV-00456-CAR-CHW** |
| **Cert Member ISOM,** *et al.*, | : | |
| | : | **PROCEEDINGS UNDER 42 U.S.C. §1983** |
| **Defendants** | : | **BEFORE THE U. S. MAGISTRATE JUDGE** |

## ORDER

Plaintiff has filed a motion requesting that the Court appoint counsel to represent him in his lawsuit brought pursuant to 42 U.S.C. § 1983. ECF No. 6. As this is Plaintiff's first request for counsel, the Court advises Plaintiff that "[a]ppointment of counsel in a civil case is not a constitutional right." *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985). Appointment of counsel is a privilege that is justified only by exceptional circumstances. *Id*. In deciding whether legal counsel should be provided, the Court considers, among other factors, the merits of Plaintiff's claim and the complexity of the issues presented. *Holt v. Ford*, 862 F.2d 850, 853 (11th Cir. 1989).[1]

In accordance with *Holt*, and upon a review of the record in this case, the Court notes that Plaintiff has set forth the essential factual allegations underlying his claims, and

---

[1] The federal *in forma pauperis* statute authorizes courts to "request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). The statute does not, however, provide any funding to pay attorneys for their representation or authorize courts to compel attorneys to represent an indigent party in a civil case. *See Mallard v. U.S. Dist. Ct. for S. Dist. of Iowa*, 490 U.S. 296 (1989).

that the applicable legal doctrines are readily apparent.  As such, Plaintiff's Motion for Appointment of Counsel is **DENIED**.  Should it later become apparent that legal assistance is required in order to avoid prejudice to Plaintiff's rights, the Court, **on its own motion**, will consider assisting him in securing legal counsel at that time.  Consequently, there is no need for Plaintiff to file additional requests for counsel.

    **SO ORDERED**, this 28th day of February, 2025.

                                                s/ Charles H. Weigle
                                                Charles H. Weigle
                                                United States Magistrate Judge